IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAC COURTE OREILLES BAND OF
LAKE SUPERIOR CHIPPEWA
INDIANS; RED CLIFF BAND OF LAKE
SUPERIOR CHIPPEWA INDIANS;
SOKAOGON CHIPPEWA INDIAN
COMMUNITY; MOLE LAKE BAND OF
WISCONSIN; ST. CROIX CHIPPEWA
INDIANS OF WISCONSIN; BAD
RIVER BAND OF THE LAKE
SUPERIOR CHIPPEWA INDIANS; and
LAC DU FLAMBEAU BAND OF LAKE
SUPERIOR CHIPPEWA INDIANS,

    Plaintiffs,

v.

STATE OF WISCONSIN; WISCONSIN
NATURAL RESOURCES BOARD;
CATHY STEPP; KURT THIEDE; and
TODD SCHALLER,

    Defendants,

AMENDED JUDGMENT
IN A CIVIL CASE

Case No. 74-cv-313-bbc

---

This action came before the court for consideration with District Judge Barbara B. Crabb presiding. The issues have been considered and a decision has been rendered.

---

IT IS ORDERED AND ADJUDGED that judgment is entered as follows:

The usufructuary rights retained by plaintiffs as a consequence of the treaties they entered into with the United States of America in 1837 and 1842 include rights

to those forms of animal life, fish, vegetation and so on that they utilized at treaty time, set forth in the facts sections of the opinions entered herein on February 18, 1987 and February 21, 1991. Also, plaintiffs have the right to use all of the methods of harvesting employed in the treaty times and those developed since. Plaintiffs' retained usufructuary rights do not include the right to harvest commercial timber. They do include the right to gather miscellaneous forest products, namely, such items as firewood, tree bark, maple sap, lodge poles, boughs and marsh hay.

The fruits of the plaintiffs' exercise of their usufructuary rights may be traded and sold to non-Indians, employing modern methods of distribution and sale, as set forth in the opinion entered on February 18, 1987.

The usufructuary rights reserved by the plaintiffs in 1837 and 1842 have been terminated as to all portions of the ceded territory that are privately owned as of the times of the contemplated or actual attempted exercise of those rights.

Plaintiffs' modest living needs cannot be met from the present available harvest even if plaintiffs were physically capable of harvesting, gathering and processing it. The standard of a modest living does not provide a practical way to determine the plaintiffs' share of the harvest potential of the ceded territory.

The state defendants will continue to bear the responsibility and authority for the management of all of the natural resources of the state except as provided herein.

Defendants are enjoined from interfering in the regulation of plaintiffs' off-reservation usufructuary rights to harvest walleye and muskellunge within the ceded

territory in Wisconsin, except insofar as plaintiffs have agreed to such regulation by stipulation. Regulation of plaintiffs' off-reservation usufructuary rights to harvest walleye and muskellunge within the ceded territory is reserved to plaintiffs on the condition that they enact and keep in force a management plan that provides for the regulation of their members in accordance with biologically sound principles necessary for the conservation of the species being harvested, as set out in the opinion entered herein on March 3, 1989, as amended on April 28, 1989. The efficient gear safe harvest level shall be determined by the methods described in the opinion and order of this court of March 3, 1989, as supplemented and amended by proceedings in court on March 28, 1989, the court's order of March 30, 1989 (R. 996) and the court's order of April 28, 1989. In the event of a dispute in determining the safe harvest level for any lake that cannot be resolved by the parties, the determination shall be made by the Department of Natural Resources.

Defendants are enjoined from interfering in the regulation of plaintiffs' hunting and trapping on public lands within the ceded territory in Wisconsin, except insofar as plaintiffs have agreed to such regulation by stipulation, on the condition that plaintiffs enact and keep in force an effective plan of self-regulation that conforms to the orders of the court.

All of the harvestable natural resources to which plaintiffs retain a usufructuary right are declared to be apportioned equally between the plaintiffs and all other persons, with such apportionment applying to each species and to each harvesting

unit with limited exceptions as set forth in the order entered herein on May 9, 1990; and upon the condition that no portion of the harvestable resources may be exempted from the apportionable harvest. With respect to miscellaneous forest products, the total estimated harvest is to be apportioned equally between the plaintiffs and all other persons, with such apportionment applying to each type of miscellaneous forest product and to each state or county forest unit or state property on which the gathering of miscellaneous forest products is permitted.

The defendants and intervening defendants may regulate the plaintiffs gathering of miscellaneous forest products through the application of Wis. Admin. Code § NR 13.54 and Proposed County Regulation Section 5.

Defendants are enjoined from enforcing those portions of § NR 13.23(2)(f) and § NR 13.32(r)(2)(b) that include a percentage of "public land" as an element of the formulas for determining the maximum tribal antlerless deer quota (in § NR 13.32(2)(f)) or the maximum tribal fisher quota (in § NR 13.32(r)(2)(b)).

Plaintiffs may not exercise their usufructuary rights of hunting and fishing on private lands, that is, those lands that are held privately and are not enrolled in the forest cropland or open managed forest lands program under Wis. Stat. ch. 77 at the time of the contemplated or actual attempted exercise of such rights. Plaintiffs may not exercise their usufructuary rights of trapping on private lands or those lands that are enrolled in the forest cropland or open managed forest lands program under Wis. Stat. ch. 77. Plaintiffs are subject to state hunting and trapping regulations

when hunting or trapping on private lands. For purposes of plaintiffs' trapping activities, privately owned stream beds, river bottoms and overflowed lands are private lands unless and until state law having state-wide effect is changed to allow such activities.

Defendants may enforce the prohibition on summer deer hunting contained in § NR 13.32(2)(e) until such time as plaintiffs adopt a regulation prohibiting all deer hunting before Labor Day.

Defendants are prohibited from enforcing that portion of § NR 13.32(2)(e) that bars tribal deer hunting during the twenty-four hour period immediately preceding the opening of the state deer gun period established in § NR 10.01(3)(e). Defendants may not enforce the prohibition on the shining of deer by tribal members contained in § NR 13.30 (1)(q); henceforth, such activity is governed by plaintiffs' Revised Regulations — Amended (Model Code); Tribal Night Hunting Regulations, dkt. #405-3, as amended in the order of October 13, 2015.

With respect to the exercise of any of plaintiffs' off-reservation usufructuary rights not expressly referred to in this judgment, the state may regulate only in the interest of conservation and in the interest of public health and safety, in accordance with the applicable standards set forth in the opinion entered herein on August 21, 1987.

The following stipulations by the plaintiffs and defendants and consent decrees are incorporated into this judgment as though fully set forth herein:

| Docket Sheet | Subject |
|---|---|
| Joint Exhibit P-54 from 12/85 Trial | Stipulation as to the Boundaries of the Territory Ceded by the Treaties of 1837 and 1842 (Incorporated into Order of Feb. 23, 1987, R. 452) |
| R. 330 | Stipulation that the issue of the use of Lake Superior under the Treaty of 1842 shall not be adjudicated in this case, but is reserved for litigation at later time. |
| R. 911 | Stipulation on Biological and Certain Remaining Issues in Regard to the Tribal Harvest of Walleye and Muskellunge (Incorporated into Order of March 3, 1989, R. 99) |
| R. 912 | Stipulation of Fish Processing in Regard to the Tribal Harvest of Walleye and Muskellunge (Incorporated into Order of March 3, 1989, R. 991) |
| R. 913 | Stipulation of Gear Identification and Safety marking in regard to the Tribal Harvest of Walleye and Muskellunge (Incorporated into Order of March 3, 1989, R. 991) |
| R. 914 | Stipulation on Enforcement and Tribal Court Issues in regard to the Tribal Harvest of Walleye and Muskellunge (Incorporated into Order of March 3, 1989, R. 991) |
| R. 1167 | Stipulation in regard to the Tribal Harvest of the White-tailed Deer on issues related to the (1) Biology of Deer Management, (2) Tribal Enforcement and Preemption of State Law, (3) Sale of Deer, (4) Wild Game Processing, (5) Management Authority, and (6) Ceremonial Use (Incorporated into Order of May 9, 1990, R. 1558) |
| R. 1222 | Stipulation and Consent Decree in regard to the Tribal Harvest of Wild Rice on issues related to the (1) Biology of Wild Rice, (2) Tribal Enforcement and Preemption of State law, and (3) Management of Wild Rice |
| R. 1271 | Stipulation of Uncontested Facts relevant to Contested Issues of Law in Regard to the Tribal Harvest of Furbearers and Small Game (Incorporated into Order of May 9, 1990, R. 1558) |

| | |
|---|---|
| R. 1289 | Stipulation and Consent Decree (R. 1296) in regard to the Tribal Harvest of Fisher, Furbearers and Small Game (Incorporated into Order of May 9, 1990, R. 1558) |
| R. 1568 | Stipulation and Consent Decree (R. 1570) in regard to the Tribal Harvest of Fish Species Other than Walleye and Muskellunge |
| R. 1607 | Stipulation and Consent Decree in regard to the Tribal Harvest of (1) Black Bear, Migratory Birds, Wild Plants, and (2) Miscellaneous Species and Other Regulatory Matters |

Except as otherwise specifically provided by the parties' stipulation (R. 1607), defendants may enforce and prosecute in state courts violations of the state boating laws in Wis. Stat. ch. 30 and Wis. Admin. Code ch. 5 committed by members of the plaintiff tribes engaged in treaty activities even if the plaintiff tribes have adopted identical boating regulations for the off-reservation treaty activities of their members.

Plaintiffs' failure to enact an effective plan of self-regulation that conforms with the orders of the court, or their withdrawal from such a plan after enactment, or their failure to comply with the provisions of the plan, if established in this court, will subject them or any one of them to regulation by defendants.

This judgment is binding on the members of the plaintiff tribes as well as on the plaintiff tribes.

Defendants are immune from liability for money damages for their violations of plaintiffs' treaty rights.

Plaintiff Lac Courte Oreilles Band of Lake Superior Chippewa Indians is entitled to actual attorneys' fees and costs for work performed in phase one of this litigation in the amount of $166,722.24, which amount has been paid.

Costs are awarded to plaintiffs and to the defendants and intervening defendants to the extent they are prevailing parties within the meaning of Fed. R. Civ. P. 54(d).

This judgment is without prejudice to applications for additional attorneys' fees for work performed in phase two of the litigation.

The third-party complaint against the third-party defendants United States of America, William Clark, Secretary of the United States Department of the Interior and John Fritz, deputy assistant secretary of Indian Affairs, Bureau of Indian Affairs, is dismissed.

The motion of plaintiff Lac Courte Oreille Band of Lake Superior Chippewa Indians to join the United States of America as involuntary party plaintiff is denied as untimely.

Approved as to form this 28th day of October, 2015.


_____
Barbara B. Crabb
District Judge


_____        10/29/15
Peter Oppeneer, Clerk of Court        Date